IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| JOHN ANDERSON KING, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|        v. | ) | 1:08cv26 (JCC) |
| | ) | |
| LECLAIR RYAN, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff's Motion to Transfer to the Norfolk Division of this Court and Defendants' Motion to Transfer to the U.S. District Court for the Southern District of West Virginia.  For the following reasons, the Court will grant Defendants' Motion and deny Plaintiff's Motion.

**I. Background**

This case arises from the events and transactions surrounding the involvement of Plaintiff John Anderson King ("Plaintiff") and Defendants LeClair Ryan, John T. Jessee, and John M. Fitzpatrick (collectively, "Defendants") in one-hundred twenty (120) medical malpractice cases filed against Plaintiff in West Virginia state court.  Putnam General Hospital, Plaintiff's

former employer, hired LeClair Ryan, a law firm,[1] to defend the hospital and the related claims of Plaintiff's negligence.  The Court is not aware of the status of any of these medical malpractice cases.

Plaintiff alleges that Defendants, in the course of their representation, improperly disseminated confidential information relating to Plaintiff.  On May 24, 2007, Plaintiff filed a Complaint against Defendants in the U.S. District Court for the Northern District of Florida alleging breach of contract with an intended third party beneficiary, breach of duty of confidentiality, defamation, tortious interference with contract, and outrageous conduct.  On September 17, 2007, John T. Jessee filed a Motion to Dismiss, which was followed by LeClair Ryan's Motion to Dismiss on September 28, 2007.[2]  On November 14, 2007, Plaintiff filed a response to these Motions and simultaneously moved to transfer the case to the U.S. District Court for the Eastern District of Virginia, Norfolk Division.  In his Motion to Transfer, Plaintiff contended that transfer to Norfolk, Virginia was proper because LeClair Ryan has an office in Norfolk.  On January 2, 2008, U.S. District Court Judge Richard Smoak ordered that the case be transferred to the U.S. District Court for the

---

[1] John T. Jessee is an attorney with LeClair Ryan; John M. Fitzpatrick is an attorney who previously worked at LeClair Ryan but is no longer a member of the firm.

[2] John M. Fitzpatrick later filed his own Motion to Dismiss on December 12, 2007.

2

Eastern District of Virginia, but did not specify the Norfolk Division in his Order.  The case was then transferred to the Alexandria Division of this Court.  Plaintiff and Defendants filed the underlying Motions to Transfer on March 17, 2008 and March 31, 2008, respectively.  These Motions are currently before the Court.

## II. Standard of Review

28 U.S.C. § 1404(a) governs motions to transfer, and provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The decision whether to transfer a lawsuit to another district is committed to the "sound discretion" of the district court. *Southern Ry. Co. v. Madden*, 235 F.2d 198, 201 (4th Cir. 1956).  In applying Section 1404(a), a district court must first decide whether the claims might have been brought in the transferee forum. *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003); *Corry v. CFM Majestic Inc.*, 16 F. Supp. 2d 660, 663 (E.D. Va. 1998). Next, the court must determine whether transfer would be for the convenience of the parties and witnesses and in the interest of justice. *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 735 (E.D. Va. 2007).  Specifically, the court must consider: (1) the plaintiff's choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the interest of

3

justice.  *Id.* at 736; *see also Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1256-62 (E.D. Va. 1998).  The movant bears the burden of showing that transfer is proper.  *JTH Tax, Inc.*, 482 F. Supp. 2d at 736.

### III. Analysis

#### A. Venue in Transferee Forum

Plaintiff requests that this case be transferred to the Norfolk Division of this Court, while Defendants request a transfer to the Southern District of West Virginia.  In a civil action where jurisdiction is founded only on diversity of citizenship, venue is proper in:

> (1) a judicial district where any defendant resides if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).  According to Plaintiff's Complaint, the events giving rise to these claims occurred within the Southern District of West Virginia, where the 120 malpractice cases were brought, and the Eastern District of Virginia, Norfolk Division, where LeClair Ryan maintains an office.  Thus, Plaintiff could have originally filed this action in either district, and both districts meet the initial eligibility requirement for transfer.

4

## B. Balance of § 1404(a) Convenience and Justice Factors

### 1) Plaintiff's Choice of Forum

"The initial choice of forum, from among those possible under the law, is a privilege given to the plaintiff." *Koh*, 250 F. Supp. 2d at 633. The plaintiff's choice of venue thus deserves substantial weight, "unless plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum." *Hanover Ins. Co. v. Paint City Contractors, Inc.*, 299 F. Supp. 2d 554, 556 (E.D. Va. 2004). Here, Plaintiff's initial choice of forum was the Northern District of Florida, Plaintiff's home forum. Plaintiff, however, moved to transfer the case away from that forum, and a plaintiff's preferred venue on a motion to transfer is not entitled to any greater weight than a defendant's preferred forum on such a motion. Therefore, this factor does not weigh in favor of transfer to either forum.

### 2) Witness Convenience and Access

While witness convenience and access is often the most important balancing factor in a Section 1404(a) motion to transfer, "the influence of this factor may not be assessed without reliable information identifying the witnesses involved and specifically describing their testimony." *JTH Tax*, 482 F. Supp. 2d at 737 (internal quotations omitted); *see also Bd. of Trs.*, 702 F. Supp. at 1258 (finding that "[w]itness convenience is often dispositive in transfer decisions," but "cannot be assessed in the absence of reliable information"). Here,

5

Plaintiff makes no claim about witness convenience.  Though
Defendants claim that "[t]he vast majority of witnesses to the
events and transactions which are the subject of the case reside
in West Virginia," Defs.' Mem. in Resp. at 2, this general
statement does not provide the Court with nearly enough
information for this factor to play a role in the Court's
decision.  Consequently, the witness convenience factor does not
weigh in favor of transfer to either forum.

### 3) Party Convenience

When weighing the convenience of the parties, "[t]he
logical starting point is a consideration of the residence of the
parties." *Mullins v. Equifax Info. Ser*vs*., LLC*, 2006 WL 1214024
at *6 (E.D. Va. Apr. 28, 2006)(citing *U.S. Fidelity & Guaranty
Corp. v. Republic Drug Co., Inc.*, 800 F. Supp. 1076, 1080
(E.D.N.Y. 1992)).  However, "residence is not a controlling
factor if the convenience of witnesses and the interest of
justice point strongly in a contrary direction."  15 Wright,
Miller & Cooper § 3849.  Here, LeClair Ryan has offices in both
Alexandria and Norfolk, and John T. Jessee is a resident of
Virginia, though it is not clear to the Court where in Virginia
he actually resides.[3]  John M. Fitzpatrick is a resident of
Colorado, and Plaintiff a resident of Orlando, Florida.  As the
Court will explain in the next section of this Opinion,

---

[3] According to LeClair Ryan's website, Mr. Jessee practices law in their
Roanoke office, which is located within the Western District of Virginia.  *See*
http://www.leclairryan.com/attorneys/bio.asp?id=3634.

transferring this case away from what is the home forum of at least one – perhaps two – of the Defendants, to the Southern District of West Virginia, would serve the interest of justice. In addition, Plaintiff offers no evidence to indicate that litigating in the Southern District of West Virginia would be any more or less convenient than litigating in the Norfolk Division of this Court.  In fact, given the other lawsuits brought by Plaintiff in the Southern District of West Virginia, *see infra* Part III.B.4., Plaintiff cannot in good faith make any claim that litigating there would be in any way inconvenient to him.

### 4) Interest of Justice

"The 'interest of justice' category is designedly broad," *Bd. of Trs.*, 702 F. Supp. at 1260, and "is meant to encompass all those factors bearing on transfer that are unrelated to the other three factors," *JTH Tax*, 482 F. Supp. 2d at 738.  These interest of justice factors include "the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, and the possibility of harassment."  *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 519 (E.D. Va. 1999)(internal quotations omitted).  In this case, Plaintiff has filed seven other lawsuits – all of which arise out of the malpractice suits filed against him and Putnam General Hospital – against six different defendants in the Southern District of West

7

Virginia.  Thus, the Southern District of West Virginia is familiar with both the parties and the claims in the underlying action.  Additionally, it appears to the Court that West Virginia substantive law will apply to this dispute: Plaintiff himself alleges that the information allegedly disclosed by Defendants "was privileged pursuant to West Virginia Code Annotated Section 30-3C-1 et seq."  Pl.'s Compl. at ¶¶ 13-14.  While the Norfolk Division of this Court is undoubtedly capable of familiarizing itself with West Virginia state law, it is certainly the case that such law would be significantly more familiar terrain for the Southern District of West Virginia.  Consequently, the Court finds that the interest of justice factor weighs strongly in favor of transfer to the Southern District of West Virginia and, as the only factor meriting significant weight, justifies transfer to that forum.

### IV.  Conclusion

For these reasons, the Court will grant Defendants' Motion to Transfer and deny Plaintiff's Motion to Transfer.

An appropriate Order will issue.


April 4, 2008                    _____/s/_____
Alexandria, Virginia                    James C. Cacheris
                                UNITED STATES DISTRICT COURT JUDGE